IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Judy Phillips,<br><br>       Plaintiff,<br><br>v.<br><br>BI-LO, LLC,<br><br>       Defendant. | C/A No. 3:18-cv-03229-CMC<br><br><br>Opinion and Order Granting<br>Motion for Summary Judgment |

Through this action, Judy Phillips ("Phillips") seeks recovery from BI-LO, LLC. ("BI-LO") for an injury suffered when she slipped in a brown substance on the floor of a BI-LO supermarket. ECF No. 1-1 ¶¶ 3, 7, 8. The matter is before the court on BI-LO's motion for summary judgment. ECF No. 10. For reasons set forth below, the motion for summary judgment is granted.

**STANDARD**

Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987). The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). While all justifiable inferences must be drawn in favor of the non-movant, *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990), a non-moving party cannot create a genuine issue

of material fact through mere speculation or the building of inference upon inference. *Beale v. Hardy*, 769 F.2d 213 (4th Cir. 1985).

Rule 56(c)(1) provides as follows:

(1) A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers or other materials; or

(b) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

**FACTS**

On August 27, 2015, Phillips visited the BI-LO supermarket at 7830 Garners Ferry Road in Columbia, South Carolina. ECF No. 1-1 ¶¶ 3, 6; Phillips dep. at 20, 22; ECF No. 12-1 (Safety Report).[1] While pushing her cart through the dairy aisle, Phillips' right foot slipped in a brown substance. Phillips dep. at 32, 33. Phillips concluded the substance was likely pudding. *Id.* at 33 (testifying "I think I came to the conclusion maybe it looked like pudding" and "I still think it was pudding"); *see also* ECF No. 12-1 at 3 (Safety Report describing substance as "pudding or what ever").

---

[1] In her memorandum in opposition to summary judgment, Phillips states the incident occurred on September 16, 2015. ECF No. 12 at 1. Her complaint alleges it occurred on August 27, 2015. ECF No. 1-1 ¶ 6. The latter appears to be the correct date. *See* ECF No. 12-1 (Safety Report "created" September 16, 2015, and listing "incident date" as August 27, 2015).

2

Phillips grabbed her grocery cart for balance, shifting her weight to her left leg. Phillips dep. at 32. While she did not feel pain immediately, Phillips' left knee began to hurt and swell within a week. *Id.* at 45 (attributing these symptoms to the incident at BI-LO because they were new). Phillips argues the abrupt and sudden movement when she slipped caused her to tear her meniscus, which ultimately required surgery to repair. ECF No. 10 at 2.[2]

Phillips reported the injury to the store manager, Tanya Price. ECF No. 12-1. Price completed a Safety Report, which described the incident as follows: "the floor was clear the only thing that was wrong was the pudding or what ever it was on the floor cause[d] her to slip. There w[ere] no packages on the floor that was damaged on what she slip[ped] in." *Id.* at 3. The Safety Report includes multiple options for potential cause. "Caused by Unsafe Condition" is marked "yes." *Id.* at 2. The Safety Report also lists "Knee (Left)" as the injured "Body Part." *Id.*

## ARGUMENTS

BI-LO argues it is entitled to summary judgment because there is no "competent evidence that BI-LO placed any substance on the floor where the . . . incident occurred or had actual or constructive notice that there was any substance on the floor." ECF No. 10 at 1. BI-LO relies, in part, on Phillips' deposition testimony that she had no knowledge as to how the substance came to be on the floor, how long it was there, or whether any BI-LO employee had notice of it. *Id.* at 2

---

[2] While Phillips does not cite evidentiary support for this argument, neither is it challenged by BI-LO on reply. Therefore, for purposes of summary judgment, the court assumes Phillips' knee injury resulted from her slip at BI-LO.

(citing Phillips dep. at 32-34). BI-LO also relies on surveillance video which, it maintains, fails to show how or when the substance came to be on the floor.[3]

In her opposition memorandum, Phillips describes the incident briefly, stating "her foot slipped in brown pudding" when she was pushing her cart through the dairy aisle. ECF No. 12 at 1. She points to no evidence as to how long the substance was on the floor or how it came to be there. She, nonetheless, argues that because the Safety Report states there were no packages on the floor, "[t]he only reasonable inference is the package was discarded by a store employee who failed to remove the pudding on the floor." *Id.* Thus, she argues BI-LO is responsible for the unsafe condition because the absence of any pudding package raises an inference a store employee was at least aware of and failed to clean up the pudding. *Id.* (citing *Wintersteen v. Food Lion,* 344 S.C. 32 (2001)). Phillips also asserts the video proffered by BI-LO shows there was "almost no one in the store" at the time of the incident, which she argues is "circumstantial evidence [raising a] factual question as to whether an employee of the store either created the dangerous condition or should have been aware of it." *Id.*

In its Reply, BI-LO characterizes Phillips' argument regarding the inference to be drawn from the limited number of customers and absence of a package as "mere speculation." It notes the low number of customers does not mean only BI-LO employees were in the store and that there are multiple ways in which the pudding may have come to be on the floor without leaving a package behind.

---

[3] The court has viewed the video, which does not show evidence of how the substance came to be on the floor. While the incident itself and subsequent actions of store employees are reflected in the video, the camera angle obscures the specific area of the floor where the substance was located.

4

# DISCUSSION

A merchant is not an insurer of its customers' safety, but does owe customers a "duty to exercise ordinary care to keep the premises in a reasonably safe condition." *Denton v. Winn-Dixie Greenville, Inc.*, 439 S.E.2d 292, 293 (S.C. Ct. App. 1993). To recover for injury caused by a foreign substance or object, a customer must show the merchant either placed the substance or object where it caused the injury or was on constructive or actual notice of the substance or object. *Wintersteen v. Food Lion, Inc.*, 542 S.E.2d 728, 729-30 (S.C. 2001) (upholding rule even though merchant's installation of self-serve drink machine with ice dispenser increased likelihood of water on floor).

The court agrees with BI-LO that the limited number of customers and absence of a package in the area at the time of the incident do not raise a reasonable inference BI-LO employees either caused the dangerous condition or were on actual or constructive notice of it. To the contrary, the same facts leave open multiple possibilities, only some of which favor Phillips' interpretation. For example, it is equally plausible that the substance was dropped, without the package, by a customer (from a spoon or squeezed from a package) or spilled from a shopping cart, leaving the package in the cart. Thus, the absence of a package and low number of customers does not make it more likely a BI-LO employee rather than a customer was the source of the spill. An additional difficulty with Phillips' interpretation is it requires building inferences on inferences as follows: (1) the substance came from a package, (2) this package was left in the area where the incident occurred, (3) an employee picked up the package, and (4) the employee should have become aware of the substance on the floor when picking up the package. While the last inference may be reasonable (if an employee picked up a package in the area, he or she would have been

5

alerted to the spill), it depends on three other inferences and, consequently, impermissibly depends on multiple, stacked inferences.

Phillips points to no other evidence BI-LO caused or was on notice of the dangerous condition.[4] She has, therefore, failed to proffer evidence from which a jury could impose liability on BI-LO. It follows that BI-LO is entitled to summary judgment.

## CONCLUSION

BI-LO's motion for summary judgment is granted for reasons set forth above.

IT IS SO ORDERED.

s/Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
Senior United States District Judge

Columbia, South Carolina
October 31, 2019

---

[4] That the Safety Report indicates the incident was "Caused by Unsafe Condition" may be an admission such a condition existed. It does not support an inference as to the cause of that condition or BI-LO being on notice of it.

6